United States District Court
Southern District of Texas
**ENTERED**
June 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELIAS GARCIA JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-99 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner incarcerated at the Connally Unit in Kenedy, TX. (D.E. 1).  Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his September 18, 2013 Nueces County conviction for burglary of a habitation as a habitual felony offender.  (D.E. 1 and D.E. 11-27, Pages 5, 32 and 39). Pending is Respondent's Motion for Summary Judgment.  (D.E. 12).  On May 31, 2018, Petitioner filed a response.  (D.E. 14).  For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred.  It is further recommended that a Certificate of Appealability be **DENIED**.

## I.     JURISDICTION

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*,

235 F.3d 959 (5th Cir. 2000).  Petitioner was convicted by a court located in Nueces County, Texas.  Therefore, this matter was properly before this Court at the time of filing. 28 U.S.C. § 124(b)(6).

## II.    BACKGROUND

On September 18, 2013, Petitioner, after a jury trial, was convicted of burglary of a habitation and sentenced to 65 years as a habitual offender.  (D.E. 11-27, Pages 32 and 39).  The Thirteenth Court of Appeals affirmed Petitioner's convictions on May 22, 2014. *Garcia v. State*, 13-13-00527-CR, 2014 WL 2158126, at *3 (Tex. App.—Corpus Christi-Edinburg May 22, 2014, pet. ref'd); (D.E. 11-20, Pages 28-33).  On October 3, 2014, Petitioner filed a petition for discretionary review ("PDR") which the Texas Court of Criminal Appeals ("CCA") refused on November 19, 2014.  *Garcia v. State of Texas*, PDR No. 1054-14 (Tex. Crim. App. Nov. 19, 2014); (D.E 11-16 and D.E. 11-17). Petitioner filed a motion for rehearing on December 5, 2014, which was denied on January 28, 2015.  *Garcia v. State of Texas*, PDR No. 1054-14 (Tex. Crim. App. Jan. 28, 2015); (D.E. 11-14 and D.E. 11-24).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on April 28, 2015, when the time for filing a petition for writ of certiorari expired 90 days later.  *See* 28 U.S.C. § 2244(d)(1)(A).  Approximately two months later, on June 18, 2015, Petitioner filed a state habeas application which was ultimately dismissed on August 26, 2015 because the mandate of the court of appeals had not issued at the time Petitioner's application was filed.  (D.E. 11-28 and D.E. 11-31, Page 20).  On July 3, 2017, Petitioner signed his second state habeas application, which was received on

July 6, 2017.  (D.E. 11-35, Pages 2 and 21).  The CCA denied his second application

without written order on December 20, 2017.  (D.E. 11-34).

Just over three months later, on March 20, 2018, Petitioner filed the pending

federal habeas petition.  (D.E. 1, Page 10).  On May 17, 2018, Respondent filed the

pending for Summary Judgment.  (D.E. 12).  Petitioner filed a response on May 31, 2018.

(D.E. 14).

## III.    RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred.  The

undersigned agrees.   Petitioner's habeas petition is not timely filed pursuant to the

Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year

statute of limitations period runs from the latest of four alternative dates:

(A)    the date on which the judgment become final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State
action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized
by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on collateral
review; or

(D)    the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner properly files

for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a

properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")  Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on April 28, 2015, when the time for filing a petition for writ of certiorari expired.  *See* 28 U.S.C. § 2244(d)(1)(A); *Nguyen v. Thaler*, No. H-11-1077, 2012 WL 2499956, *2 (S.D. Tex. June 25, 2012) (citation omitted).  As such, Petitioner had one year, until April 28, 2016, to timely file a federal application for habeas corpus relief. Petitioner's first state habeas application was not properly filed and therefore, it did not toll the limitations period.  (D.E. 11-28); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (Statutory tolling not available because the original habeas claim was not properly filed because direct appeal was still pending).   Petitioner's second state habeas application was filed on July 3, 2017, well after the limitations period ended on April 28, 2016.  *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one year period "did not statutorily toll the limitation clock.")  Accordingly, Petitioner failed to file the pending federal habeas petition until March 20, 2018, almost two years too late.  28 U.S.C. §2244(d).

However, the one year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some

extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013)(*citing Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (*citing Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

It appears there may have been an issue with notice regarding the issuance of a mandate. (D.E. 12, Pages 9-11). A mandate was originally inadvertently issued on September 12, 2014 and withdrawn by the Thirteenth Court of Appeals on October 9, 2014. (D.E. 11-4). After this date, Petitioner filed for, and was denied, a rehearing on December 4, 2014 and January 28, 2015, respectively. (D.E. 11-14 and D.E. 11-24). Petitioner then filed his first state habeas application on June 18, 2015. (D.E. 11-31, Page 20). On August 10, 2015, a mandate was issued. (D.E. 11-3). On August 26, 2015, Petitioner's first state habeas petition was dismissed because a mandate had not issued at the time the application was filed in the trial court. (D.E. 11-28). Almost a year later, on July 13, 2016, Petitioner filed a writ of mandamus requesting the issuance of a mandate, which was denied without written order on August 10, 2016. (D.E. 11-32 and 11-33).

Petitioner filed his second state habeas application almost a year later, on July 3, 2017. (D.E. 11-35, Pages 2 and 21).  After his second state habeas application was denied on December 20, 2017, Petitioner waited three additional months to file the pending federal petition on March 20, 2018.  (D.E. 1 and D.E. 11-34).  To the extent Petitioner may argue he did not receive notice of the issuance of the August 10, 2015 mandate, this contention would be without merit as the issuance of a mandate is not relevant for determining when a conviction became final for § 2244(d)(1)(A) purposes.  *See Madden v. Thaler*, 521 F. App'x 316, 322 (Apr. 3, 2013) (Petitioner's "apparent confusion regarding the permissibility of filing a federal habeas petition prior to exhausting his state remedies does not excuse his untimely filing and does not entitle him to equitable tolling."); *see also Allen v. Cockrell*, No. 3-02-cv-2705-G, 2003 WL 21509161, at *1, *3 (N.D. Tex. Apr. 11, 2003) ("[S]tate court's determination of the finality of conviction does not control when a state court conviction is final for purposes of the federal statute of limitations.") (citation omitted).  "As such the date of issuance of mandate . . .is irrelevant in determining the timeliness of the petition in this case."  *Allen*, 2003 WL 21509161, at *3.  Further, while Petitioner may have been confused about when the limitations period commenced such that he thought a mandate must first issue, he could have filed a protective federal petition while concurrently seeking a stay.  *Id*. at 323.  Additionally, ignorance of the law or lack of representation does not operate to toll the limitations period. *Turner*, 177 F.3d at 393.

Therefore, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim.  Petitioner also did not diligently pursue his

rights, delaying almost two years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period.  Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

As a basis for relief, Petitioner alleges in his complaint that his trial counsel failed to investigate his whereabouts on the date of the crime.  (D.E. 1, Page 7).  To the extent Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000) (other citations omitted).  However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations.  *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted).  The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

*Id*. (citation omitted).  Petitioner fails to cite to any evidence in his petition showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegations.  Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just rule on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable.  If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 12) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED as time barred**.  It is further recommended that a certificate of appealability be **DENIED**.

ORDERED this 13th day of June, 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).